```
IN THE UNITED STATES DISTRICT COURT
  FOR THE WESTERN DISTRICT OF NORTH CAROLINA
              CHARLOTTE DIVISION
                3:06CV434-2-V
                 (3:00CR26-V)
```

```
TROY TAFT BUTLER,        )
   (a.k.a. Vernon Crater) )
      Petitioner,         )
                          )
      v.                  )        ORDER
                          )
UNITED STATES OF AMERICA, )
      Respondent.         )
_____)
```

**THIS MATTER** comes before the Court on petitioner's "Motion Under 28 U.S.C. To Vacate, Set Aside, Or Correct," filed October 19, 2006. After having carefully reviewed that Motion, along with pertinent record evidence, the Court has determined that the instant Motion must be summarily <u>denied</u> and <u>dismissed</u>.

### I. <u>FACTUAL AND PROCEDURAL BACKGROUND</u>

According to the record, on February 11, 2000, a Bill of Indictment was filed, charging the petitioner with possession with intent to distribute a quantity of cocaine base (Count I), and with possession with intent to distribute a quantity of cocaine powder (Count II), all in violation of 21 U.S.C. §§841(a)-(1).

On March 27, 2000, the petitioner entered into a written Plea Agreement with the government. By the terms of that Agreement, the petitioner agreed to plead guilty to the two charges he was facing. Critically, the parties' Agreement also

set forth the petitioner's acknowledgments that the amount of cocaine base which reasonably could be attributed to him was at least 500 grams but less than 1.5 kilograms; and that the amount of cocaine powder which reasonably could be attributed to him was at least 3.5 kilograms but less than 5 kilograms.

Equally critically, the terms of that Agreement further provided that the petitioner was waiving his right to directly appeal his convictions and/or sentences on any ground. Moreover, the Agreement provided that the petitioner was waiving his right to collaterally attack his convictions and/or sentences in a proceeding such as this one on any grounds except ineffective assistance of counsel and prosecutorial misconduct.

On June 16, 2000, the Court conducted a Plea & Rule 11 Hearing. After engaging the petitioner in a lengthy colloquy in order to determine whether he voluntarily and intelligently was tendering his guilty pleas, the Court concluded that the petitioner's pleas were freely and knowingly tendered. Therefore, the Court accepted the petitioner's guilty pleas.

Next on October 26, 2000, the Court conducted a Factual Basis & Sentencing Hearing in this matter. At that time, the Court posed additional questions to the petitioner. After receiving the petitioner's answers to those matters, the Court re-affirmed its acceptance of his guilty pleas.

Thereafter, the Court reviewed the petitioner's Pre-Sentence

Report, and entertained the government's oral motion for a downward departure pursuant to U.S. Sentencing Guidelines §5K1.1. After consideration of that matter, the Court granted the motion, and sentenced the petitioner to a reduced term of 144 months imprisonment.

Initially, there was no appeal filed on the petitioner's behalf. Rather, on May 14, 2001, the petitioner filed his first Motion to Vacate. By that Motion, the petitioner alleged that he had been subjected to ineffective assistance of counsel in several ways, including by counsel's reported failure to honor his request for a direct appeal.

Consequently, after reviewing the petitioner's first Motion to Vacate and the government's Response, along with the relevant legal precedent, the Court entered an Order concluding that the petitioner's Motion to Vacate should be <u>granted</u> for the purpose of allowing him to pursue a direct appeal. Accordingly, on April 23, 2004, the Court entered an Amended Judgment from which the petitioner was able to file an appeal.

To that end, on April 29, 2004, the petitioner timely gave his notice of appeal to the Fourth Circuit Court of Appeals. However, the appellate Court eventually entered an Order dismissing the petitioner's appeal on the ground that he had waived his right to obtain that review under the terms of his Plea Agreement. <u>See</u> <u>United States v. Butler</u>, No. 04-4319, slip op. at 1

(4th Cir. June 27, 2005).

Now, the petitioner has returned to this Court on the instant Motion to Vacate. This time, the petitioner presents the single claim that Count One of the Indictment should be dismissed for its failure to charge the correct drug type. According to the petitioner, since the lab report from the Charlotte Mecklenburg Police Department reports the substances involved with his offense as cocaine, not cocaine base, Count One must be declared invalid. Nevertheless, the undersigned has determined that for the reasons set forth below, the petitioner cannot obtain any relief on this claim.

## II. **ANALYSIS**

First, as is obvious from the record of the petitioner's case, he is not even entitled to raise this particular claim. That is, under the unambiguous terms of the petitioner's Plea Agreement, he waived his right to raise a claim such as this in this collateral proceeding. Rather, by the terms of his Agreement, the petitioner limited his collateral rights to claims of prosecutorial misconduct and/or ineffective assistance of counsel.

The Fourth Circuit repeatedly has approved the knowing and voluntary waiver of a defendant's right to appeal or otherwise challenge matters such as this. See, e.g., United States v. General, 278 F.3d 389, 399-01 (4th Cir.), cert. denied, 536 U.S.

950 (2002); United States v. Brown, 232 F.3d 399 (4th Cir. 2000); United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Davis, 954 F.2d 182, 185-86 (4th Cir. 1992); United States v. Wessells, 936 F.2d 165 (4th Cir. 1991); and United States v. Wiggins, 905 F.2d 51, 52-54 (4th Cir. 1990) (noting that defendant may waive right to appeal, just as he may waive more fundamental rights such as the right to counsel and the right to a jury trial).

Here, the Fourth Circuit already has found the petitioner's waiver to be valid and enforceable inasmuch as that Court dismissed his direct appeal on the basis of his having waived his right to an appeal. Accordingly, the Court finds that the waiver contained in the petitioner's Plea Agreement also stands as a bar to his right to bring the instant challenge to his Indictment, and so this claim must be summarily dismissed.

Second, even if this claim could be reviewed on its merits, the petitioner's Plea Agreement still would preclude his ability to obtain relief under it in any event. That is, as was previously noted, the Plea Agreement contains the petitioner's stipulation that "the amount of cocaine base" for which he could be held accountable "was at least was at least 500 grams but less than 1.5 kilograms." Consequently, notwithstanding the lab report to which he refers, the petitioner himself has stipulated to his involvement with cocaine base. Therefore, the petitioner simply

5

cannot establish an entitlement to relief on the basis of this claim.

### III. CONCLUSION

The petitioner has waived his right to raise the instant claim, and that waiver must be enforced against him. Furthermore, the petitioner's stipulation, as set forth in his Plea Agreement, constitutes yet another bar to his ability to obtain relief on this claim. Accordingly, this Motion to Vacate will be <u>denied</u> and <u>dismissed</u>.

### IV. ORDER

**NOW THEREFORE, IT IS HEREBY ORDERED** that the petitioner's Motion to Vacate is **DENIED and DISMISSED.**

**SO ORDERED.**

Signed: November 20, 2006

Richard L. Voorhees
United States District Judge